P. P. GUNN, *Sheriff, etc. v.* W. H. MONROE *et al.*

(No. 8539)

Submitted April 21, 1937. Decided May 18, 1937.

*James L. Smith,* for appellants.
*Bruce Ferrell,* for appellees.

Fox, Judge:

J. G. Monroe, a resident of Calhoun County, died on the 7th day of March, 1934, leaving surviving him his widow, Mollie E. Monroe, and three married daughters, namely, Rebecca Davis, Pearl Tasker, and Georgie Watson, his only heirs at law. No administrator having been appointed, his estate was, on June 5, 1936, on motion of a creditor, committed to the plaintiff, who was then sheriff of said county, under the provisions of the Code, 4-1-11. Shortly after such appointment, this suit was instituted to settle said estate. The bill alleges, among other things, that the estate was indebted to one W. H. Monroe in the sum of $149.00 with interest from September 25, 1930, and that the said J. G. Monroe was, at the date of his death, the owner of one-half of 101 acres of oil and gas, and an undivided one-half interest in tracts of 70 acres and 27 acres, less one-half the oil therein, the other interest in said land being owned by his wife, Mollie E. Monroe, and all situated in said county. The cause was referred to a commissioner, who reported a claim in favor of W. H. Monroe of $203.89, which he held to be a charge against the interest of the decedent in the 101 acres of oil and gas, but that his interest in the 70 acres and 27 acres, having been conveyed by his heirs at law after the expiration of one year from his death, the said creditor was not entitled to charge the said tracts with his debt. A decree was entered which, in effect, confirmed the report of the commissioner, from which the plaintiff and W. H. Monroe prosecute this appeal.

A decision of the case calls for detailed mention of the

several conveyances of the 70 acres and 27 acres. It appears that these two tracts were returned delinquent for the non-payment of taxes of the year 1930; that the same were sold by the sheriff and purchased by T. J. Jackson, in December, 1931, and that, under such sale, a deed was made to said Jackson, by the Clerk of the County Court, on May 12, 1934, some two months after the death of J. G. Monroe; that a question arose as to legality of the tax deed, and on March 19, 1935, in compromise of this contention, T. J. Jackson conveyed said two tracts of land to Mollie E. Monroe, widow; on April 6, 1935, the said Mollie E. Monroe and Pearl Tasker and Georgie Watson, two of the heirs at law aforesaid, conveyed said lands to Gilbert Davis and to Rebecca Davis, the other heir at law; that on October 8, 1935, Gilbert Davis and Rebecca Davis, his wife, conveyed said lands to Chalmer Davis and Rosie Davis, his wife, who on February 24, 1936, conveyed the same to Lawrence Lanham and Mella Lanham, his wife, who claim to have been owners thereof at the date of institution of this suit, and the present owners. It will be observed that the title to these lands finally passed from all the heirs of J. G. Monroe when the conveyance to Chalmer Davis and Rosie Davis was executed.

The plaintiff, and W. H. Monroe, who filed an answer herein setting up his claim, contend that these several conveyances were made for the purpose of transferring the title to said lands beyond the reach of creditors of J. G. Monroe, deceased; and that the said conveyances were made with notice of the claim of W. H. Monroe, and were, as to him, fraudulent. Answers were filed in the case by all of the parties involved in these conveyances, each denying any intention to defraud, some denying the existence of the debt of W. H. Monroe; some setting up claims for affirmative relief on account of an alleged breach of a warranty in another conveyance not involved in this cause; others attempting to off-set the W. H. Monroe claim, on account of alleged collusion between said Monroe and Jackson, with respect to the tax deed, all of which contentions are either waived, with-

drawn or fail through lack of proof, and need not be further considered.

The two important questions are: first, the effect of the conveyances of the tracts of 70 acres and 27 acres, made by the widow and heirs at law of J. G. Monroe, executed more than one year after the date of his death, and before the institution of this suit; and second, whether the purchasers of the said land took title to the same without notice of any fraudulent intent on the part of the grantors.

The first question we think is settled by the provisions of Code, 44-8-5. While heirs at law, who sell and convey real estate, which, by statute, is made assets for the payment of the debts of a decedent, are liable to those entitled to be paid out of such assets for the value of the estate conveyed, they may, after the expiration of one year from the death of a testator or intestate, convey such real estate, free from claims of creditors of the decedent against it, to a purchaser who, at the time of accepting a deed therefor, has no notice of any fraudulent intent on the part of the grantors with respect to such claims, and where no suit has been commenced for the administration of such assets, or any report filed of the debts of the decedent. In this case, the widow and heirs at law of J. G. Monroe conveyed the tracts of 70 acres and 27 acres by deeds executed more than one year after his death, and before any suit was instituted to administer the assets of his estate; and, in the absence of knowledge of fraudulent intent on the part of such heirs, by the purchaser of said land, said purchaser acquired title thereto free from the claims of creditors of said estate. We do not think that any fraudulent intent on the part of the heirs has been proven, or that, even if there was such intent, the purchasers of said land had any knowledge thereof. We are supported in this view of the case by the finding of the commissioner and the trial judge. Since both the report of the commissioner and the decree of the court, in effect, denied existence of any fraud, or notice thereof, we find no reason to disturb their findings.

However, in the decree of the court below there is a finding that "neither the defendant, M. E. Monroe nor J. G. Monroe, at the time of his decease, were vested with title to the tract of 70 acres and the tract of 27 acres of land described in the bill and proceeding in this cause." In this, we think, the court plainly erred. The record clearly discloses that J. G. Monroe and M. E. Monroe were the owners of the two tracts of land mentioned at the date of the death of J. G. Monroe. The conveyances which justified the court in relieving the said tracts of land from the claim of W. H. Monroe were executed after the death of J. G. Monroe, and have no bearing on the situation existing at the date of his death. The finding of the court as to such lack of ownership in this case might well be asserted as an adjudication of that question, should W. H. Monroe hereafter elect to pursue his remedy against the heirs at law of J. G. Monroe, deceased, for the value of the real estate conveyed by them, which was originally assets for the payment of his claim. The decree of the court below should be modified to eliminate therefrom the provision quoted above.

Complaint is made by the appellants that no decree was entered against the heirs at law for the value of the interest in the real estate of J. G. Monroe conveyed by them. It may be questioned whether, under the allegations of the bill, giving the broadest possible meaning to the prayer for general relief, such relief can be given in this case; but inasmuch as all of said heirs are before the court, it may be proper, under amended pleadings, to determine herein whether or not such a decree shall be entered. We will therefore remand the case to the circuit court for such action as the parties may be advised to take in accordance with the principles of this decision. Costs will be awarded to the appellees as the parties substantially prevailing.

*Modified; affirmed in part; remanded.*